## DAVID AND FERN OLSON v. HAROLD THAKE.[1]

November 7, 1941.

Nos. 32,939, 32,940.

[1]Reported in 300 N. W. 602.

*Sexton, Mordaunt, Kennedy & Carroll* and *Milton F. Juhnke,* for appellant.

*W. A. Lienke* and *A. R. English,* for respondents.

STONE, JUSTICE.

Consolidated for trial were this pair of typical husband-and-wife cases arising out of the collision of two motor vehicles at a highway intersection. The verdicts going for plaintiffs, defendant appeals from the orders denying his alternative motions for judgment or a new trial.

Defendant, in his loaded gravel truck, was traveling easterly. Plaintiff Fern Olson, driving her husband's car, came into the intersection from the south. The strong probability is that, head-on, her car struck the truck just to the rear of its cab. There is argument, and it may be based on truth, that Mrs. Olson was guilty of contributory negligence which was a proximate cause of the accident. But, as against the verdict, we cannot so hold as matter of law.

As a result of the accident, so the evidence fairly well establishes, Mrs. Olson was afflicted with retroactive amnesia, sudden in onset and continuous in effect. For that reason, she did not testify concerning the circumstances of the collision. At important points defendant's testimony was contradicted by other witnesses. There is evidence from which the jury could have concluded that he checked his speed, which he limits to 15 miles per hour, as he approached the intersection. If so, Mrs. Olson might have considered that he was about to stop and give her the benefit of the statutory right of way which was hers unless, by excessive speed, she had forfeited it. There is nothing upon which we can hold as matter of law that there was such forfeiture.

In addition, and possibly given controlling weight by the jury, is evidence of an admission made by defendant, on the scene, that

he saw the Olson car and "should have slackened my speed but I thought I would make it."

Orders affirmed.

[1]Reported in 300 N. W. 603.